**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROGER SCOTT BLACKBURN,

       Petitioner–Appellant,

v.

COLORADO BOARD OF PAROLE,
(Exec. Dir.) Chairman; Board
Member, WAGGNER; Board Member,
C DEBACA; and COLORADO
DEPARTMENT OF CORRECTIONS
EXECUTIVE DIRECTOR,

       Respondents–Appellees.

No. 09-1077
(D.C. No. 1:08-CV-02688-ZLW)
(D. Colo.)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Roger Scott Blackburn filed a pro se complaint in the district court seeking release from state prison. Construing his pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we recharacterize his claim as brought under 28 U.S.C. § 2241 rather than as a 42 U.S.C. § 1983 suit. Because he is in state custody, Blackburn must obtain a certificate of appealability ("COA") before we may reach the merits of his appeal. For substantially the same reasons provided by the district court, we deny a COA and dismiss the appeal.

## I

While in state custody, Blackburn filed a pro se complaint, ostensibly under 42 U.S.C. § 1983. He sought release from prison, arguing that the Colorado Board of Parole unlawfully denied him parole. Blackburn also filed a motion and supporting documentation for leave to proceed in forma pauperis ("IFP") before the district court, which the district court granted. In granting IFP status, the district court explained that Blackburn would be required to pay a $350 filing fee in partial payments. Blackburn was ordered to pay an initial fee of $5 within 30 days or demonstrate inability to pay that fee. The order cautioned that failure to comply would lead to dismissal of his complaint without prejudice. After thirty days had passed and Blackburn neither paid the $5 nor showed cause to excuse the fee, the district court dismissed his case without prejudice. Blackburn then filed what we construe as a notice of appeal in the district court.

## II

On appeal, Blackburn contends that he submitted paperwork explaining that he could not pay the $5 fee. He also advances several arguments that were not raised before the district court. Because Blackburn challenges the duration of his confinement and requests discharge from state custody rather than monetary damages, his claim cannot be brought under 42 U.S.C. § 1983 but must be brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). We

accordingly recharacterize Blackburn's claim as such. In order to appeal the district court's adverse determination of his § 2241 petition, Blackburn must obtain a COA because he is in state, rather than federal, custody. Montez v. McKinna, 208 F.3d 862, 868-69 (10th Cir. 2000). We thus construe his appeal, at this point, as an application for a COA.

To obtain a COA, Blackburn must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appellate court has discretion to resolve either the procedural or the substantive issue first. Id. at 485.

We conclude that reasonable jurists could not debate that the district court permissibly dismissed this case for Blackburn's failure to pay the $5 filing fee or to show cause that he could not. Despite Blackburn's contention that he submitted evidence demonstrating his inability to pay the $5 fee in response to the district court's order, we see no such evidence in the record. Although the district court should have recharacterized this case as a § 2241 petition rather than a

- 3 -

§ 1983 suit, that it did not do so was harmless. Blackburn, proceeding IFP, was properly ordered to pay $5 or demonstrate his inability to do so regardless of recharacterization. See 28 U.S.C. § 1915(a). Because the district court's order was permissible, so too was dismissal—following reasonable notice—for failure to follow it.

Accordingly, we **DENY** Blackburn's application for a COA and **DISMISS** the appeal. We **DISMISS** all pending motions for lack of jurisdiction because Blackburn has not obtained a COA. Given that Blackburn proceeded IFP before the district court and his case properly sounds in habeas, he is entitled to proceed IFP on appeal. Fed. R. App. P. 24(a)(3).

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge